# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NATHANIEL SWINT, | : | Civil No. 1:23-CV-01107 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## <u>MEMORANDUM</u>

Before the court is a motion to dismiss or for summary judgment filed by Defendant.  (Doc. 36.)  Plaintiff's response included an affidavit filed pursuant to Fed. R. Civ. 56(d) seeking additional discovery.  (Docs. 43, 44-2.)  The court agrees that additional discovery is needed in this action.  Therefore, it will deny the pending motion without prejudice and order Defendant to file an answer to the operative complaint.

### BACKGROUND AND PROCEDURAL HISTORY

On June 26, 2023, Plaintiff a filed a civil complaint referencing both a claim pursuant to Federal Tort Claims Act ("FTCA") and the Eighth Amendment for the failure to properly treat his spinal disorder while he was incarcerated at the United States Penitentiary Allenwood ("USP-Allenwood").  (Doc. 2.)  He named USP-Allenwood as the sole defendant.  (*Id.*)  The court forwarded Plaintiff an administrative order informing him of the need to pay the full filing fee or

complete an application to proceed *in forma pauperis*. (Doc. 6.) Plaintiff then filed an application to proceed *in forma pauperis*. (Doc. 8.) On July 24, 2023, the court granted Plaintiff's application to proceed *in forma pauperis* and screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 9.) The court dismissed the complaint with leave to amend because USP-Allenwood was not a proper defendant in an FTCA action or a *Bivens* action. (*Id.*)

Plaintiff filed an amended complaint on August 21, 2023. (Doc. 12.) This complaint was essentially identical, except that in the "Submit to Appropriate Federal Agency" box of the Standard Form 95, he listed the "United States of America – Warden at USP Allenwood, PA FBOP-United States Penitentiary at Allenwood." (Doc. 12, p. 2.)[1] The court liberally construed this filing and found that it appeared that Plaintiff intended to name three defendants in the amended complaint: (1) the United States of America ("United States"); (2) the Warden at USP-Allenwood; and (3) the BOP. The court screened the amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 13.) The court dismissed the complaint with leave to amend because Plaintiff failed to state a claim for which relief may be granted. (Doc. 13.) The court granted Plaintiff leave to file a second amended complaint. (*Id.*)

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Plaintiff filed a second amended complaint on October 16, 2023.  (Doc. 16.)  However, this document was unsigned and was returned to Plaintiff for his signature as a result.  (Doc. 19.)  This document was refiled on December 12, 2023.  (Doc. 20.)  On December 14, 2023, the court dismissed the second amended complaint for failing to state a claim for which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), finding further leave to amend the complaint would be futile, and closing the case.  (Doc. 21.)  Defendants in this action were never served.

On January 19, 2024, Plaintiff filed a motion for reconsideration of the court's December 14, 2023 order.  (Doc. 22.)  On February 8, 2024, the court deemed the motion for reconsideration as withdrawn because Plaintiff failed to file a brief in support of the motion.  (Doc. 23.)  On February 23, 2024, the court received and docketed Plaintiff's motion for leave to file an out of time brief in support of Plaintiff' motion for reconsideration.  (Doc. 24.)  Attached to the motion was Plaintiff's proposed brief in support of the Plaintiff' motion for reconsideration.  (Doc. 24-1.)

On June 13, 2024, the court granted Plaintiff's motion for leave to file an out of time brief, vacated the court's February 8, 2024 order, and then denied the motion for reconsideration.  (Doc. 26.)  Plaintiff then appealed the court's decision to the Third Circuit Court of Appeals.  (Doc. 27.)  The Third Circuit Court of

3

Appeals affirmed this court's dismissal of the *Bivens* claim, vacated this court's dismissal of the FTCA claim for medical malpractice, and remanded the case to this court for further proceedings.  (Docs. 30, 30-1, 31.)

On May 12, 2025, Defendant filed a motion to dismiss or a motion for summary judgment along with a brief in support and a statement of facts.  (Docs. 36, 40, 41.)  On May 28, 2025, the court entered an order finding that Defendant had submitted matters for consideration outside the pleadings and converting the motion to a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  (Doc. 42.)

On June 17, 2025, Plaintiff filed a brief in opposition and an answer to the statement of facts.  (Docs. 43, 44.)  Included with the brief in opposition, Plaintiff filed an affidavit in accord with Fed. R. Civ. P. 56(d).  (Doc. 44-2.)  On July 1, 2025, Defendant filed a reply brief.  (Doc. 45.)

### DISCUSSION

Defendant's motion for summary judgment is premised on the argument that BOP staff relied on the opinion of Dr. Martin from May of 2009 that "a few small metallic bullet fragments anteriorly in the right front region that could be within the brain.  An MRI is not recommended because of the possible location of these fragments in the brain tissue." (Doc. 41, p. 9.)  Defendant argues that Dr. Martin is the individual who committed negligence and that she is a non-BOP medical

4

provider.  (*Id.*)  By isolating Dr. Martin as the source of the negligence, Defendant argues that as a non-BOP medical provider, no liability for the negligence can be attributed to the BOP.  (*Id.*)

As mentioned above, when Defendant sought summary judgment on the FTCA claim, Plaintiff filed a brief in opposition asserting that not all the facts are available to him, namely that all documents concerning Dr. Martin's relationship with the BOP are in the possession of Defendant and were not made available to Plaintiff.  (Doc. 43, p. 7.)  He then attached a declaration pursuant to Fed. R. Civ. P. 56(d).  (Doc. 44-2.)  Such a declaration is the proper recourse of a party faced with a motion for summary judgment who believes that additional discovery is necessary before he can adequately respond to that motion.  Fed. R. Civ. P. 56(d); *Doe v. Abington Friends School,* 480 F.3d 252, 257 (3d Cir. 2007).  "District courts usually grant properly filed Rule 56(f) motions as a matter of course.  This is particularly so when there are discovery requests outstanding or relevant facts are under the control of the moving party."  *Id.* (internal quotation marks and citations omitted).  Fed. R. Civ. P. 56 was amended in 2010, and Rule 56(f) became Rule 56(d).

Under Rule 56(d), the court can "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; (3) or issue any other appropriate order."  Since Defendant's action began with a motion to

dismiss that the court converted into a motion for summary judgment, the court will deny the pending motion without prejudice, order Defendant to answer the operative complaint, and allow the parties to complete discovery.

### CONCLUSION

For the above-stated reasons, the court will deny the pending motion for summary judgment without prejudice and order Defendant to answer the operative complaint in this matter.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: March 9, 2026